# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

MALIBU MEDIA, LLC,                    :
                                      :
        Plaintiff,                    :       Case No. 1:14-CV-2296
                                      :
            vs.                       :       Judge Christopher A. Boyko
                                      :
MARK FISHER,                          :
                                      :
        Defendant.                    :

## DEFENDANT's MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c) and O.R.C. § 1705.58 (A),

Defendant Mark Fisher ("Mr. Fisher") moves to dismiss the Complaint.  Plaintiff Malibu

Media, LLC ("Malibu Media") was not registered in Ohio as a foreign limited liability

company when it initiated this lawsuit.  Therefore, it lacks the capacity to maintain a

claim in any Ohio court.  This motion is supported by the attached memorandum.

Respectfully submitted,

/s/ Samir B. Dahman
Samir B. Dahman  (0082647)
Email:  sdahman@dahmanlaw.com
DAHMAN LAW, LLC
Two Miranova Place, Suite 500
Columbus, OH 43215
Tel:  614.636.1250
Fax: 614.633.3366

*Trial Attorney for Defendant*
*Mark Fisher*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.    INTRODUCTION.**

Malibu Media, through its for-profit litigation practices, is running roughshod over the Federal Judiciary.  The present case is only one of more than 300 cookie-cutter-style law suits Malibu Media has filed in Ohio's Federal District Courts since May 5, 2014 alone that should be dismissed due to Malibu Media's failure to follow the procedural rules of this state.  Specifically, neglecting basic corporate regulatory compliance, Malibu Media was not registered as a foreign limited liability company in Ohio when it filed its Complaint or its Amended Complaint, in violation of the Ohio Revised Code, Chapter 1705.

As explained herein, Malibu Media's failure to register as a foreign limited liability company in Ohio showcases the company's disregard for the integrity of our legal systems.  Moreover, Malibu Media's failure to register is fatal to its current complaint against Mr. Fisher.  As O.R.C. § 1705.58(A) and numerous cases from the Northern District of Ohio clearly establish, unregistered foreign limited liability companies have no capacity to sue in any court in Ohio.  Malibu Media's subsequent registration with the Secretary of State is a tacit admission of this.  But, as this Court has held, such registration cannot cure Malibu Media's original error.  As such, this Court should dismiss Malibu Media's Complaint under Federal Rule of Civil Procedure 12(c).

**II.   THE FACTS:  MALIBU MEDIA IS A CALIFORNIA LIMITED LIABILITY COMPANY NOT REGISTERED IN OHIO WHEN IT INITIATED THIS LAWSUIT.**

Malibu Media filed the case *sub judice* on October 14, 2014.  (See Complaint [Doc. No.1].)  On February 4, 2015 it filed an Amended Complaint naming Mr. Fisher as the

Defendant and alleging that Mr. Fisher infringed upon the Internet pornography videos that it distributes, which are allegedly copyrighted. (See Amended Complaint, ¶ 2 [Doc. No.7].)

Malibu Media is a limited liability company "organized and existing under the laws of the State of California and has its principal place of business located at 409 W. Olympic Blvd, Suite 501, Los Angeles, CA, 90015." (See Complaint, ¶ 8.)

Malibu Media does not claim in either its Complaint or its Amended Complaint to be registered with the Ohio Secretary of State in accordance with O.R.C. § 1705.53 – 1705.58. Malibu Media finally registered on February 19, 2015.[1]

III.    LAW & ANALYSIS.

   A.    Standard of Review for Rule 12(c) Motion for Judgment on the Pleadings.

"The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6)." EEOC v. Faurecia Exhaust Sys., 601 F. Supp. 2d 971, 973 (N.D. Ohio 2008); see also Sarl v. Willard & Kelsey Solar Group, LLC, No. 10-cv-1768 2011 U.S. Dist. LEXIS 82035, *4, (N.D. Ohio July 27, 2011) (Zouhary, J.). The difference between the two motions is their timing. See Jackson v. Heh, No. 98-4420, 2000 U.S. App. LEXIS 14075, at *7 (6th Cir. June 2, 2000).

---

[1] "In deciding a motion to dismiss for failure to state a claim, the Court may take judicial notice of the public record." Powell v. Bolton Square Hotel Co., No. 1:09-cv-2451, 2010 U.S. Dist. LEXIS 45479, *7-8, (N.D. Ohio May 10, 2010) (taking judicial notice of documents filed with the Ohio Secretary of State as public records and citing Yanacos v. Lake County, 953 F. Supp. 187, 191 (N.D. Ohio 1996)); see also Passa v. City of Columbus, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

To survive a motion to dismiss under Rule 12(b)(6), factual allegations must be enough to raise a right to relief above the speculative level despite taking all the allegations in the complaint as truth.  Alpha Waste Sys., LLC v. Res. Reclamation Toledo, LLC, No. 3:13-cv-2462, 2014 U.S. Dist. LEXIS 61833, at *2 (N.D. Ohio May 5, 2014) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007)).  "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  EEOC, 601 F. Supp. 2d at 973 (quoting Paskvan v. City of Cleveland Civil Ser. Comm'n, 946 F.2d 1233, 1235 (6th Cir. 1991)).

When considering a motion for judgment on the pleadings, the court must take all of the plaintiff's well-plead material allegations as true; the motion may be granted if the moving party is "clearly entitled to judgment." Id. at 973 (quoting JP Morgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007)).

Mr. Fisher is entitled to judgment under Rule 12(c) because Malibu Media was not registered to conduct business in Ohio and cannot, as a matter of law, maintain an action in this Court.  Thus, the Court should dismiss the Complaint without prejudice.

### B.  Malibu Media Failed to Satisfy the Requirements of O.R.C. § 1705.58(A).

Malibu Media was not registered with the Ohio Secretary of State, and thus, it had no capacity to maintain this action.  "The capacity of unincorporated associations [such as a limited liability company] to sue in a federal court is determined by 'the law of the state where the court is located.'"  Alpha, 2014 U.S. Dist. LEXIS 61833, at *3 (quoting Fed. R. Civ. P. 17(b)(3)).  Malibu Media is a limited liability company, and

thus, an unincorporated association.  Therefore, Malibu Media's capacity to sue is governed by Ohio law.  See id.

O.R.C. § 1705.58(A) provides that:

A foreign limited liability company transacting business in this state may not maintain any action or proceeding in any court of this state until it has registered in this state in accordance with sections 1705.53 to 1705.58 of the Revised Code.

As an unregistered foreign limited liability company, Malibu Media failed to meet the statutory requirements to maintain the present action.

This Court has recently and consistently dismissed cases for a plaintiff's lack of capacity to sue.  Each action was dismissed because the plaintiffs – foreign limited liability companies – were not registered in Ohio prior to filing their actions, as required by O.R.C. § 1705.58(A).  See e.g., Alpha, 2014 U.S. Dist. LEXIS 61833, *4-6 (granting motion to dismiss for lack of capacity because plaintiff foreign LLC failed to register pursuant to O.R.C. § 1705.58(A) before filing an action in Ohio); GKP, LLC v. Wells Fargo & Co., No. 1:13-cv-01482, 2013 U.S. Dist. LEXIS 136433, *19-20 (N.D. Ohio Sept. 24, 2013) (dismissing complaint because the plaintiff "was and is not licensed to business in Ohio.  Thus, [the plaintiff] lacks capacity to bring this suit.").

In Sta-Rite Indus., LLC v. Preferred Pump & Equip., the court dismissed the action, concluding that "**the current state of Ohio law requires a limited liability company to register pursuant to O.R.C. § 1705.58(A) *before* filing an action in Ohio and that *the failure to do so cannot be cured* by subsequent registration**."  No. 5:08-cv-1072, 2008 U.S. Dist. LEXIS 117242, *9-10 (N.D. Ohio Aug. 14, 2008) (emphasis added).  The Court wisely reasoned that "judicial economy is best served by dismissing the case

now rather than taking the case to judgment that may later be rendered invalid due to plaintiff's incapacity when the suit was commenced." Id. at *10.

Malibu Media's subsequent registration does not cure its failure to comply with Ohio law.  Therefore, this Court should likewise dismiss the instant Complaint.

### C.    Statutory Exemptions for Foreign Corporations under O.R.C. § 1703.02 Do Not Apply to Foreign Limited Liability Companies.

When interpreting O.R.C. § 1705.58(A), courts often reference O.R.C. § 1703.29(A) which requires foreign *corporations* to register in Ohio before bringing suit. See e.g., Sta-Rite, 2008 U.S. Dist. LEXIS 117242, at *4–5.  That provision contains a limited exception. However, the Northern District distinguishes between foreign corporations and foreign limited liability companies, holding that statutory exemptions for foreign corporations do not apply to foreign limited liability companies.

"Under O.R.C. § 1703.02, a foreign corporation engaged 'solely in interstate commerce' may be exempt from licensing with the state.  No such statutory exemption exists, however, for foreign limited liability companies, and Ohio courts have yet to apply § 1703.29(A)'s exemption statute to § 1705.58(A)." Alpha, 2014 U.S. Dist. LEXIS 61833, at *5.

In Alpha, the Court dismissed the plaintiff's action despite plaintiff's assertion that it was exempt from registering in Ohio because its engagement in the state was solely interstate commerce.  As the Court stated, "Plaintiff is not exempt and must comport from the requirements of O.R.C. § 1705.58(A)." Id. at *4.  "Absent a statutory exemption or a finding that § 1703.02 applies to foreign limited liability companies subject to § 1705.58(A), Plaintiff being engaged 'solely in interstate commerce' in Ohio

does not exempt it from meeting the requirements of § 1705.58(A)." Id. at *6.

In the present case, Malibu Media is not a foreign *corporation*.  It is a California limited liability company that was not registered in Ohio when it initiated this lawsuit. Thus, pursuant to O.R.C. § 1705.58(A), Malibu Media lacked the capacity to sue in Ohio regardless of whether its activities are solely in interstate commerce.  Accordingly, the Court should dismiss Malibu Media's claims.

## IV.    CONCLUSION.

For the foregoing reasons, Defendant Mark Fisher respectfully requests that the Court grant this motion pursuant to Federal Rule of Civil Procedure 12(c) and dismiss Plaintiff Malibu Media LLC's claims.

Respectfully submitted,

/s/ Samir B. Dahman
Samir B. Dahman  (0082647)
Email:  sdahman@dahmanlaw.com
DAHMAN LAW, LLC
Two Miranova Place, Suite 500
Columbus, OH 43215
Tel:  614.636.1250
Fax: 614.633.3366

*Trial Attorney for Defendant Mark Fisher*

## CERTIFICATE OF SERVICE

I certify that on March 9, 2015, I filed the foregoing *Motion for Judgment on the Pleadings* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Samir B. Dahman
Samir B. Dahman